### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-22822-WILLIAMS/Elfenbein

**RAMON RUIZ**,

      Plaintiff,

 v.

**CITY OF MIAMI BEACH**, *et al*,

      Defendants.

_____/

### <u>ORDER ON MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*</u>

**THIS CAUSE** is before the Court on *Pro se* Plaintiff Ramon Ruiz's Motion for Leave to Proceed *in forma pauperis* ("IFP") on Appeal (the "IFP Motion"), ECF No. [82].  The Honorable Kathleen M. Williams referred this case to me for "all discovery disputes and non-dispositive pretrial motions."  ECF No. [25].  For the reasons below, the IFP Motion, **ECF No. [82]**, is **DENIED**.

Federal Rule of Appellate Procedure 24 governs motions for leave to proceed IFP on appeal.  Relevant here, that Rule provides:

> [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).  The Advisory Committee Notes that follow Rule 24 make clear that the Rule is intended to be applied in tandem with 28 U.S.C. § 1915.  *See* Fed. R. App. P. 24 advisory committee's note to 2002 amendment (noting that, although "the Committee has not attempted to incorporate into Rule 24 all of the requirements of the current version of 28 U.S.C. §1915" because

"future legislation regarding prisoner litigation is likely," it has amended the Rule "to eliminate an apparent conflict with the" Prison Litigation Reform Act of 1995); *accord* 16AA Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Juris.* § 3970 (5th ed. 2019) ("Rule 24, then, is meant to work in tandem with Section 1915.").

Under § 1915, a party who wishes to proceed *in forma pauperis* must "submit[] an affidavit that includes a statement of all assets" he "possesses that the person is unable to pay such fees or give security therefor" and also states "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." *See* 28 U.S.C. §1915(a)(1).[1]  Once a party has filed an IFP motion, the Court must screen the motion to ensure it complies with the statute's requirements. *See* 28 U.S.C. §1915(e)(2).  Specifically, the statute directs the Court to dismiss the case "at any time if" it determines that "the allegation of poverty is untrue" or "the action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2).

The statute further provides that an "appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *See* 28 U.S.C. § 1915(a)(3).  When evaluating whether an appeal is taken in "good faith," the Court looks to whether the party "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445

---

[1] Though the plain language of the statute appears to make its provision applicable only to prisoners, "[t]he screening process under 28 U.S.C. § 1915 applies to non-prisoner pro se litigants who are proceeding in forma pauperis." *Fletcher v. President of Albert Einstein Med. Ctr.*, No. 15-CV-24355, 2016 WL 11547296, at *1 (S.D. Fla. Feb. 10, 2016), *R. & R. approved*, No. 15-CV-24355, 2016 WL 11547297 (S.D. Fla. Apr. 5, 2016); *see also Neitzke v. Williams*, 490 U.S. 319, 329 (1989) (noting "Congress' over-arching goal in enacting the *in forma pauperis* statute" was "to assure equality of consideration for all litigants" (quotation marks omitted)); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (finding no error in the district court's dismissal of a non-prisoner's complaint under § 1915(e)(2)(B)(ii)); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("Reasonable access to the courts is provided to indigent claimants by the in forma pauperis (IFP) statute, 28 U.S.C. sec. 1915 *et seq.,* which allows commencement of suits without payment of fees and court costs by a person who makes an affidavit that he is unable to pay the costs.").

(1962). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Applying those standards here, the Court finds that the IFP Motion should be denied.

First, Plaintiff's affidavit demonstrates his "inability to pay or to give security for fees and costs." *See* ECF No. [82] at 2–5; Fed. R. App. P. 24(a)(1)(A). Plaintiff avers that his average monthly earnings during the past 12 months were $125 from self-employment and that he does not know whether he expects to earn the same amount next month. *See* ECF No. [82] at 2. He avers he has about $0.25 in a sole bank account, and does not have any other accounts, assets of value, or people who owe him money. *See* ECF No. [82] at 3. He avers he has no current employer, no employment history over the last two years, no spouse, and no dependents. *See* ECF No. [82] at 2–5. He claims total monthly expenses of $525. *See* ECF No. [82] at 5. Plaintiff states that "[a]lthough he is optimistic [his] independent contractor jobs will produc[sic] soon, [he] has not been able to product more than $1,500.00 in the last 12 months." *See* ECF No. [82] at 5. He also states that he has been denied housing due to a separate pending matter. *See* ECF No. [82] at 5.

To assess an applicant's poverty, the Court looks to the Department of Health and Human Services ("HHS") poverty guidelines. *See, e.g.*, *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 n.5 (11th Cir. 2004) (comparing IFP applicant's affidavit to the HHS guidelines to determine he was above the poverty line and not absolutely destitute); *Sanchez v. Nordstrom, Inc.*, No. 20-CV-20017, 2020 WL 13401700, at *1 (S.D. Fla. Jan. 3, 2020); Annual Update of the HHS Poverty Guidelines, 90 Fed. Reg. 5917, 5917–18 (Jan. 17, 2025). The § 1915 analysis also requires the Court to compare "the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014).

As noted above, in the IFP motion, Plaintiff avers that he has no dependents. *See* ECF No. [82] at 4. Thus, the Court must consider the poverty table as it relates to a one-person household. According to the 2025 HHS poverty table, a one-person household meets the poverty threshold with an annual income of $15,650 or less. *See* 90 Fed. Reg. at 5917. Here, Plaintiff's income is far below the poverty guidelines. His affidavit shows he has had an average monthly income of $125 during the past 12 months, which equates to an annual income of only $1,500 per year. *See* ECF No. [82] at 2. And his expenses, which total $525, exceed his monthly income, *see* ECF No. [82] at 2, 5, which means his net income is actually less than $0. Accordingly, Plaintiff's financial averments are sufficient on their face to demonstrate economic eligibility, and Plaintiff qualifies for indigent status in this civil action. *See Martinez*, 364 F.3d at 1306–07; Fed. R. App. P. 24(a)(1)(A).

Although Plaintiff qualifies for indigent status, the Court cannot grant the Motion due to Plaintiff's failure to articulate the issues that he intends to present on appeal. *See* Fed. R. App. P. 24(a)(1)(B)–(C). Plaintiff avers that he is "entitled to redress," but offers no explanation of the redress sought or the legal error to be reviewed. *See* ECF No. [82] at 1. And rather than stating the issues that he intends to present on appeal, Plaintiff merely lists the titles of a few orders and then sweeps in "all prior interlocutory orders that merge into the final judgment." *See* ECF No. [82] at 1. That is insufficient. As previously stated, an "appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *See* 28 U.S.C. § 1915(a)(3). A district court must evaluate whether an appeal is taken in "good faith" by looking at whether the party seeks appellate review of any non-frivolous issues, *see Coppedge*, 369 U.S. at 445; frivolous meaning lacking "arguable merit either in law or fact[,]" *see Bilal*, 251 F.3d at 1349. If the plaintiff fails to identify the issues on appeal, the court cannot determine whether those issue(s) are

frivolous.  *See, e.g., Darling v. Zavaleta*, No. 24-CV-21541, 2024 WL 4165106, at *2 (S.D. Fla. Aug. 27, 2024) (denying an IFP motion where the plaintiff "did not attach an affidavit setting forth or otherwise indicating the issues he seeks to raise on appeal"); *Rodriguez v. Dobbs*, No. 19-CV-20716, 2019 WL 11583371, at *1 (S.D. Fla. Aug. 15, 2019), *report and recommendation adopted*, 2019 WL 11583367 (S.D. Fla. Aug. 30, 2019) (holding that an IFP motion is legally deficient and should be denied when "it fails to state what, if any, issues [the plaintiff] intends to pursue on appeal, in violation of Fed. R. App. P. 24(a)(1)(C)."); *Wallace v. Israel*, Case No. 14-CV-61297, 2015 WL 13887158 (S.D. Fla. Feb. 25, 2015) (denying an IFP motion where the plaintiff failed to file an affidavit stating the issues he intended to present on appeal and explaining that "[t]he failure to state these issues in the affidavit is fatal to a Rule 24(a) motion)."

Because Plaintiff's affidavit fails to identify any specific appellate issues (and merely points to orders), it does not comply with Rule 24(a)(1)(C).  Accordingly, the Motion, **ECF No. [82]**, is **DENIED**.  *See* 28 U.S.C. § 1915(e)(2).  This ruling will not, however, preclude Plaintiff from filing another motion to proceed in forma pauperis, but he is cautioned that the motion must be filed directly with the court of appeals, within 30 days of the district court's order of denial, in accordance with Fed. R. App. P. 24(a)(5).

**DONE and ORDERED** in Chambers in Miami, Florida on November 10, 2025.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record

**Ramon Ruiz**
1317 Edgewater Dr., #1173
Orlando, FL 32804
ruizlawsuit@gmail.com
*PRO SE*

5